J. S52003/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DARNELL GRIFFIN, : No. 1202 EDA 2015
:
Appellant :

Appeal from the Judgment of Sentence, November 5, 2012,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009769-2011

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 03, 2016**

Darnell Griffin appeals **nunc pro tunc** from the November 5, 2012 aggregate judgment of sentence of life imprisonment imposed after he was found guilty of second-degree murder, criminal conspiracy, firearms not to be carried without a license, and possessing an instrument of crime.[1]  For the reasons that follow, we conclude that appellant has waived his sole issue on appeal and affirm the judgment of sentence.

The trial court accurately summarized the relevant facts of this case in its Pa.R.A.P. 1925(a) opinion, and we need not reiterate them in full here. (**See** trial court opinion, 9/2/15 at 1-3.)  In sum, appellant confessed to

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502, 903, 6106 and 907, respectively.

Philadelphia Police Detective Phillip Nordo to shooting the victim, Felix Rodriguez, multiple times during the course of a robbery, resulting in the victim's death. (Notes of testimony, 11/5/12 at 8-11, 17-19.)

On June 26, 2011, appellant was subsequently arrested and charged with multiple offenses in connection with this incident. On November 5, 2012, appellant filed a motion to suppress the statement he gave to police on the grounds that "detectives in this case had insufficient probable cause to place [appellant] into custody" and violated his Fifth Amendment right against self-incrimination. (*Id.* at 5.) Following a hearing, the trial court denied appellant's suppression motion and conducted a bench trial. As noted, appellant was found guilty of the aforementioned offenses and sentenced to an aggregate term of life imprisonment on November 5, 2012. Appellant did not file a direct appeal with this court. Thereafter, on August 23, 2013, appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). Counsel was subsequently appointed and filed an amended PCRA petition on appellant's behalf on July 3, 2014. On April 20, 2015, appellant's direct appeal rights were reinstated *nunc pro tunc*. This timely appeal followed.[2]

On appeal, appellant raises the following issue for our review:

> [Whether] the [trial] court erred by denying the motion to suppress [appellant's] statement upon the mere word of the assigned detective and in the absence of independent credible evidence of record,

---

[2] Appellant and the trial court complied with Pa.R.A.P. 1925.

> such as a video recording of [appellant] waiving his right against self-incrimination set forth in Article I, Section 9 of the Pennsylvania Constitution and the 5th Amendment to the U[.]S[.] Constitutional [sic], where under the circumstances of this particular homicide case said statement is the only evidence connecting [appellant] to the crimes charged, and but for police policy reasons such best evidence could readily have been provided to establish that [appellant's] statement was knowingly, intelligently and voluntarily given[?]

Appellant's brief at 4.

Our standard of review when addressing a challenge to a trial court's denial of a suppression motion is well settled.

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous.

***Commonwealth v. Jones***, 121 A.3d 524, 526 (Pa.Super. 2015) (citation omitted; brackets in original), ***appeal denied***, ___ A.3d ___ (Pa. 2016).

We begin by addressing whether appellant has properly preserved his claim for appellate review. The record reflects that appellant has failed to cite to the place in the record where this specific issue was presented to the

trial court, and our review does not disclose that it has been preserved for appellate review. As noted by the trial court, appellant failed to specifically argue at the November 5, 2012 suppression hearing that his confession was coerced, or that the trial court should deem it inadmissible on the grounds it was not recorded.[3] Accordingly, appellant may not raise this issue for the first time on appeal. *See* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"); Pa.R.A.P. 2117(c) (requiring citation to place in record where issue has been preserved). Appellant's sole issue on appeal, therefore, is waived.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2016

---

[3] Notably, appellant has also failed to cite to any specific authority indicating that the absence of a recorded confession will render an otherwise voluntary confession involuntary. Rather, in **Commonwealth v. Harrell**, 65 A.3d 420 (Pa.Super. 2013), **appeal denied**, 627 Pa. 770 (Pa. 2014), a panel of this court recognized that an accused has no constitutional right to have his confession recorded. **Id.** at 428-429.